UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremiah Ybarra,                                   Case No. 20-cv-2091 (WMW/LIB)

           Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Warden Kallis,

           Respondent.

     This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Jeremiah Ybarra's Petition for Writ of Habeas Corpus. [Docket No. 1].

     Petitioner Jeremiah Ybarra, who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, was found guilty after a jury trial in the United States District Court for the Western District of Texas on one count of possessing methamphetamine with intent to distribute. See, United States v. Ybarra, No. 4:16-cr-523 (DC) (W.D. Tex.). The conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. See, United States v. Ybarra, 749 F. App'x 278 (5th Cir. 2018) (per curiam).

     Petitioner initiated collateral proceedings under 28 U.S.C. § 2255 challenging the validity of his sentence. See, United States v. Ybarra, No. 4:16-cr-523 (DC) (W.D. Tex.). These proceedings remain pending in the Western District of Texas. (Id.).

     Dissatisfied with the pace of those § 2255 proceedings, Petitioner now seeks habeas corpus relief from his conviction and sentence in this Court.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has

> failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Section 2255(e) sets forth what has become known as the exclusive-remedy rule: Federal prisoners are to seek collateral relief from their conviction or sentence under § 2255, not through a petition for a writ of habeas corpus, unless § 2255 is "inadequate or ineffective to test the legality" of the prisoner's conviction or sentence. Id. A district court lacks the subject matter jurisdiction to consider a habeas petition that runs afoul of the exclusive-remedy rule. See, DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

Neither the Supreme Court nor the United States Court of Appeals for the Eighth Circuit has set forth the exact contours of the exclusive-remedy rule. It is clear, though, that the rule applies very broadly. See, e.g., Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to avoid the exclusive-remedy rule must show that he "had no earlier procedural opportunity to present his claims." Abdullah, 392 F.3d at 963; see, United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

In the present case, Petitioner fails to offer any reason to believe that § 2255 is an inadequate or ineffective procedural vehicle for his claims—indeed, he appears to have raised

2

many (if not all) of his present claims in the § 2255 proceedings now extant in the Western District of Texas, and those claims remain under consideration. Rather, Petitioner's primary complaint here appears to be with the speed of those § 2255 proceedings, which have now been ongoing for almost two years. But delay in § 2255 proceedings does not, by itself, constitute a basis for avoiding the exclusive-remedy rule of § 2255(e). See, United States v. Pirro, 104 F.3d 297, 299–300 (9th Cir. 1997) (citing, inter alia, Winston v. Mustain, 562 F.2d 565 (8th Cir. 1977) (per curiam)).[1]

A petition for a writ of habeas corpus is simply not the appropriate procedural vehicle for raising the vast majority of challenges to a federal prisoner's conviction or sentence. Petitioner's claims are not an exception to the exclusive-remedy rule of § 2255(e). Accordingly, it is recommended that this matter be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

In light of the recommendation of dismissal, it is further recommended that Petitioner's application to proceed in forma pauperis, [Docket No. 4], be **DENIED**. See, Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

---

[1] Further, to the extent Petitioner believes that the Texas Court has been dilatory in adjudicating his § 2255 motion, Petitioner may have recourse in the form of mandamus relief from the Fifth Circuit Court of Appeals. That being said, Petitioner has sought and been denied mandamus relief by both the Fifth Circuit and, since the filing of this action, the Supreme Court of the United States, with both Courts seemingly satisfied with the pace of Petitioner's § 2255 proceedings. See, In re Ybarra, No. 20-5324, 2020 WL 5883862 (Oct. 5, 2020). Moreover, as the Fifth Circuit noted in denying Ybarra's petition for a writ of mandamus, "if there has been delay in Ybarra's case, the record reflects that much of that delay is due to Ybarra's serial filing of motions, not any inattentiveness on the part of the district court." In re Ybarra, No. 19-50800 (5th Cir. Feb. 21, 2020).

2. Petitioner's application to proceed in forma pauperis, [Docket No. 4], be **DENIED**.

Dated: December 2, 2020                s/Leo I. Brisbois
                                       Hon. Leo I. Brisbois
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).